17-328
*United States v. Kalaba*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of February, two thousand eighteen.**

Present:     ROBERT A. KATZMANN,
                    *Chief Judge*,
              ROSEMARY S. POOLER,
              CHRISTOPHER F. DRONEY,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                              No. 17-328

ROBERT KALABA, AKA Bobby,

                    *Defendant-Appellant*,

VICTOR KALABA, KAHER ABDULNABI,
ABDELRAHMAN M. TAYYEB, AKA Abdel R. Tayeb,
PATRICK CARTER,

                    *Defendants*.

_____

For Appellee:                                    Daniel B. Tehrani and Daniel C. Richenthal for Geoffrey S. Berman, Interim United States Attorney for the Southern District of New York, New York, NY

For Defendant-Appellant:                         Jane Fisher-Byrialsen, Fisher & Byrialsen PLLC, New York, NY

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said district court is **VACATED** and the case is **REMANDED** for resentencing consistent with this order.

Defendant Robert Kalaba appeals from a judgment of the Southern District of New York (Preska, *J.*), entered January 26, 2017, revoking Kalaba's term of supervised release and sentencing him to 24 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In 2006, Kalaba pled guilty to two counts related to credit card theft, and was sentenced to 70 months' imprisonment, to be followed by three years of supervised release. He was released in October 2011. Two years later, while on supervised release, Kalaba was arrested and indicted for multiple narcotics offenses related to the unlawful distribution of controlled substances in a conspiracy spanning from November 2011 to October 2013. In 2015, Kalaba pled guilty to one of the narcotics counts and was convicted at trial of the remaining counts. He was sentenced to 84 months' imprisonment, well below the statutory maximum of 540 months' imprisonment and the 240 months recommended by the Probation Office.

On November 6, 2013, while Kalaba was awaiting trial for the narcotics offenses, the Probation Office submitted a violation of supervised release report, specifying four violations of supervised release. The first two specifications pertained to two counts in the narcotics indictment, and were established by Kalaba's conviction. Kalaba admitted to the third and fourth specifications, which were for failing to notify the Probation Office of a change of residence and employment, as well as traveling to New Jersey without permission, The Probation Office calculated a Sentencing Guidelines range of 15-21 months, and recommended a 21-month sentence. The statutory maximum was 24 months. On January 25, 2017, following his sentencing for the narcotics offenses, Kalaba was sentenced to 24 months' imprisonment on the supervised release violations, to run consecutive to the term of imprisonment for the narcotics offenses. No written statement of reasons was attached to the judgment.

On appeal, Kalaba challenges the reasonableness of his sentence for the supervised release violation. "Reasonableness review requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Johnson,* 567 F.3d 40, 51 (2d Cir. 2009). Kalaba's first argument, which is that the district court erred by failing to adequately explain—orally and in writing—why it imposed a sentence that exceeded the guideline range, addresses procedural reasonableness. Because Kalaba did not raise a contemporaneous objection to the district court's explanation, this challenge is reviewed for plain error. *United States v. Aldeen,* 792 F.3d 247, 253 (2d Cir. 2015). Under the plain error standard, a defendant "must establish (1) error (2) that is plain and (3) affects substantial rights." *United States v. Villafuerte*, 502 F.3d 204, 209 (2d Cir. 2007). Should the "error meet[] these initial requirements, we then must consider whether to exercise our discretion to correct it, which is appropriate only if the error seriously affected the

3

'fairness, integrity, or public reputation of the judicial proceedings.'" *Id.* (quoting *United States v. Doe*, 297 F.3d 76, 82 (2002).

Sentencing law requires that "[t]he court must 'state in open court the reasons for its imposition of [a] particular sentence.'" *Aldeen,* 792 F.3d at 251 (quoting 18 U.S.C. § 3553(c)). When the sentence is outside the Guidelines range, the district court must state "the specific reason for the imposition of a sentence different from" the advisory Guidelines range. 18 U.S.C. § 3553(c)(2). Further, the district court must provide its rationale both "in open court as well as in writing—'with specificity in a statement of reasons form' that is part of the judgment." *Aldeen,* 792 F.3d at 251-52 (quoting 18 U.S.C. § 3553(c)(2)). "[T]he district court's statement of reasons must at least explain—in enough detail to allow a reviewing court, the defendant, his or her counsel, and members of the public to understand—why the considerations used as justifications for the sentence are sufficiently compelling or present to the degree necessary to support the sentence imposed." *United States v. Sindima,* 488 F.3d 81, 86 (2d Cir. 2007) (internal quotation marks and citation omitted). Further, "[w]hen a factor is already included in the calculation of the Guidelines sentencing range, a judge who wishes to rely on that same factor to impose a sentence above or below the range must articulate specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the Guidelines calculation." *Id.* at 87 (quoting *United States v. Zapete–Garcia*, 447 F.3d 57, 60 (1st Cir. 2006)) (brackets omitted).

These requirements similarly "apply . . . to sentences for violations of supervised release." *Aldeen*, 792 F.3d at 252. However, we have noted that "we . . . require less rigorous specificity where, as here, a court sentences a defendant for violation of supervised release." *Id.* at 253; *see also United States v. Hargrove*, 497 F.3d 256, 260-61 (2d Cir. 2007) ("We have

4

drawn a sharp divide between initial sentencing and the revocation of supervised release with respect to the protections and safeguards available to the individual.").

Here, the district court did not meet its procedural obligations in imposing an above-Guidelines sentence. At the sentencing hearing, the district court noted that the "the major factor in this sentencing is to provide some respect for the law," and elaborated that Kalaba "was on supervised release from this Court when he engaged in this monumental drug distribution conspiracy." App'x at 124-25. However, the district court made no mention of the fact that it was imposing an above-Guidelines sentence, and did not provide a specific reason for doing so. Nor did the district court provide a written statement of reasons for imposing an above-Guidelines sentence. As a result, the district court did not fulfill its obligations under 18 U.S.C. § 3553(c)(2).

While the district court may impose an above-Guidelines sentence based on the factors it discussed at the sentencing hearing—namely, the breach of the court's trust while on supervised release, and the severity of the criminal activity—the Guidelines were designed to take these factors into account. *See Sindima*, 488 F.3d at 87. Accordingly, to meet its procedural obligations in imposing an above-Guidelines sentence, the district court must "articulate specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the Guidelines calculation." *Id*. (quoting *Zapete-Garcia*, 447 F.3d at 60) (brackets omitted).

We have held that "a major departure [from the Guidelines range] should be supported by a more significant justification than a minor one," and the district court here sentenced Kalaba to three months above the high end of the Guidelines recommendation. *United States v. Stewart*, 590 F.3d 93, 168 (2d Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). Nonetheless, the departure obligated the district court to state its rationale for departing from the Guidelines with specificity.

5

Finally, Kalaba's sentencing is distinguishable from *United States v. Verkhoglyad*, where we found that the district court sufficiently articulated its reasons for imposing an above-Guidelines sentence in open court, but neglected to complete its "ministerial duty to memorialize its stated reasons for sentencing." 516 F.3d 122, 134 (2d Cir. 2008). There, unlike here, the district court, at the sentencing hearing, had been "quite specific in explaining the reasons for its sentence," expanding on the defendant's specific circumstances and prior sentencing proceedings before the district court. *Id.* at 133.

Having concluded that there was an error, we must next consider whether the error was plain. In this instance, not providing a more complete explanation was plain error. As discussed above, the district court did not sufficiently specify why an above-Guidelines sentence was necessary, given that the reasons it provided are all contemplated by the Guidelines. *See United States v. Lewis*, 424 F.3d 239, 245 (2d Cir. 2005) (explaining that "[s]tating no reasons at all plainly falls short of the requirement to state reasons that is set forth in § 3553(c), no matter what the required level of specificity may be" for supervised release sentencing) (internal quotation marks omitted).

The next inquiry is whether substantial rights were affected by the absence of an adequate oral or written explanation. An oral and written statement of reasons is required under § 3553(c) because, "[b]y informing the defendant of the basis for the sentence, he or she may well become better able effectively to pursue an appeal asserting that the sentence is unreasonable. By similarly informing the Court of Appeals as to the reasons for the sentence, we may well become better able to hear and determine the appeal effectively." *Id.* at 247. As we have explained, these interests implicate substantial rights. *See id.* (failure to adequately explain the reasons for a sentence is "clearly . . . substantial") (internal quotation marks omitted).

6

The final inquiry is whether this error seriously affected the fairness, integrity, or public reputation of judicial proceedings. We have previously explained that a statement of reasons enables the public to "learn why the defendant received a particular sentence," and "instill[s] understanding of, trust in, and respect for the court and its proceedings." *Id.* (quoting *United States v. Alcantara*, 396 F.3d 189, 206 (2d Cir. 2005)). By contrast, an insufficient explanation erodes public trust in the court and its criminal proceedings. *Id.*; *see also Alcantara*, 396 F.3d at 206 (similarly holding that the Section 3553(c) requirement for stating reasons in open court preserves the public's right of access to sentencing proceedings). For these reasons, Kalaba has satisfied the plain error standard.

In light of our ruling that the district court procedurally erred by not providing a specific reason for imposing the above-Guidelines sentence, we do not reach Kalaba's substantive reasonableness challenge, and express no view as to the merits of that argument.

For these reasons, we VACATE the judgment and REMAND to the district court with instructions that it resentence Kalaba in accordance with the above.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7